## EVERHARD v. DIAMOND MATCH CO.

(Circuit Court, N. D. Ohio, E. D. December 23, 1899.)

No. 5,955.

MASTER AND SERVANT—INJURY TO SERVANT—ASSUMED RISK.

Plaintiff, as an employé of defendant, had been engaged for six months in operating a band saw. Above the table at which he worked was suspended an electric drop light for his use on dark days, the cord of which hung near the saw, and was so long that it required to be looped up to bring the light in proper position. In attempting to so loop it up, plaintiff's hand came in contact with the saw, and he was injured. *Held*, that the danger was as obvious to plaintiff as to defendant, and, in the absence of any allegation of complaint by him on that account, he must be deemed to have assumed the risk therefrom.

At Law. On demurrer to petition.

O. D. Everhard, for plaintiff.
Musser & Mohler, for defendant.

TAFT, Circuit Judge. This is a suit by an employé of the Diamond Match Company, engaged for six months or more in the operation of a band saw, to recover damages for an injury sustained by him while engaged in the discharge of his duties. An electric drop light hung from the ceiling by a cord, so as to throw light upon the saw, and enable the operator to work upon dark days. The cord was so long that, unless it was looped, the light would come down too near the saw and the table on which the operator worked. It was necessary for him, therefore, to loop the cord around a beam or board, through a hole in which the cord of the light passed. The accident occurred while the operator, the plaintiff, was attempting to throw the light and cord over this beam. The cord hung quite close to the band saw, and his hand was caught in its teeth, and he was injured. There is no averment that the plaintiff complained to his employer of the danger. The plaintiff had been working upon the machine for six months, and was as familiar with the danger as his employer could have been. It was perfectly obvious. The plaintiff sets out these facts at length in his petition, and a demurrer is filed thereto. I think, from the statement, it necessarily follows that the accident resulted from the negligence of the plaintiff, or was one

of the risks of his employment, which, as a term of the contract, he assumed. The case is to be distinguished, on its facts, from that of Clow v. Boltz, 34 C. C. A. 550, 92 Fed. 572, because there it was much more doubtful whether a man of the skill and knowledge of an ordinary laborer would have realized the danger to which he was subjected in working where he did. The demurrer is sustained. If the plaintiff desires to amend, he may do so, and will be given 10 days therefor. If, however, he does not desire to amend, or fails to amend at the close of 10 days, judgment will be entered for the defendant.